UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAJAZZ SMITH,

               Plaintiff,

    v.

SALINAS VALLEY STATE PRISON,
et al.,

               Defendants.

Case No. 17-cv-05114-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Salinas Valley State Prison

("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred in

SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: SVSP; SVSP Correctional

Plant Manager II S. Ochoa; and SVSP Carpenter II T. Vaughan. Plaintiff seeks injunctive relief

and monetary damages.

## II.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se*

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B.    Legal Claims

Plaintiff claims that on October 28, 2016, he "fell walking in [his] cell and hit [his] head d[ue] to [the] massive flooding inside the cells when it is raining . . . ." Dkt. 1 at 3.  Plaintiff also claims that his "legal work was damaged . . . [and that] this has been a[n] ongoing issue an[d] still has not been fix[ed]." *Id.*  He claims his Eighth Amendment rights have been violated. *Id.*

Plaintiff's claim of deliberate indifference against the named Defendants is DISMISSED with leave to amend.  The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  To state an Eighth Amendment violation, two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834.  Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4.  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See id.* at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*  Here, Plaintiff's allegation as pled amounts to no more than a claim of negligence.  However, if Plaintiff believes in good faith that he can support his claim with sufficient facts to establish a deliberate indifference claim, he may amend his complaint to do so.

Furthermore, neither the intentional nor negligent deprivation or destruction of an inmate's property states a claim under section 1983 if the deprivation was random and unauthorized. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property); *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief

1    because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128

2    (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation

3    statutory provision for post-deprivation hearing or common law tort remedy for erroneous

4    deprivation satisfies due process). California law provides such an adequate post-deprivation

5    remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code

6    §§ 810-895).

7          Finally, if Plaintiff chooses to file an amended complaint, he must establish legal liability

8    of each person or entity for the claimed violation of his rights. Liability may be imposed on an

9    individual defendant under section 1983 if the plaintiff can show that the defendant proximately

10   caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th

11   Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives

12   another of a constitutional right within the meaning of section 1983 if he does an affirmative act,

13   participates in another's affirmative act or omits to perform an act which he is legally required to

14   do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

15   Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts

16   as to each individual defendant's" deprivation of protected rights. *Id.* at 634. Here, Plaintiff has

17   not properly alleged liability on the part of any of the following named defendants for a

18   constitutional violation: SVSP; Defendant Ochoa; and Defendant Vaughan. Specifically,

19   Plaintiff's claims against any of these named defendants are insufficient to state a claim. As

20   mentioned above, Plaintiff must set forth specific facts as to each individual defendant's actions

21   which violated his rights. *See Leer*, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must

22   allege facts, not simply conclusions, that show that an individual was personally involved in the

23   deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

24   Plaintiff's general allegations that the named Defendants violated his constitutional rights are not

25   supported by specific facts as to each defendant's actions which violated his rights. Plaintiff does

26   not mention any Defendant by name in his statement of facts or show how any of the named

27   defendants personally were involved in any alleged deprivation. Therefore, Plaintiff's claims

28   against all named Defendants are DISMISSED with leave to amend.

3

1    Accordingly, Plaintiff's complaint is DISMISSED with leave to amend in order to correct

2    the aforementioned deficiencies.

3    **III.    CONCLUSION**

4    For the foregoing reasons, the Court orders as follows:

5    1.    The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above,

6    within **twenty-eight (28) days** of the date this Order is filed.  The amended complaint must

7    include the caption and civil case number used in this Order (C 17-5114 YGR (PR)) and the words

8    "AMENDED COMPLAINT" on the first page.  Because an amended complaint completely

9    replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by

10   reference but must include in the amended complaint all the claims and allegations he wishes to

11   present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  **Failure to amend within**

12   **the designated time and in accordance with this Order will result in the dismissal of this**

13   **action.**

14   2.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

15   informed of any change of address and must comply with the Court's orders in a timely fashion.

16   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

17   while an action is pending must promptly file a notice of change of address specifying the new

18   address. *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

19   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

20   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

21   *se* party indicating a current address. *See* L.R. 3-11(b).

22   3.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along

23   with his copy of this Order.

24   IT IS SO ORDERED.

25   Dated:  January 19, 2018

     _____

     YVONNE GONZALEZ ROGERS
26   United States District Judge

27

28

4