UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAJAZZ A. SMITH,

    Plaintiff,

  v.

SALINAS VALLEY STATE PRISON, et al.,

    Defendants.

Case No. 17-cv-05114-YGR (PR)

**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. Dkt. 7. The operative complaint in this action is the amended complaint, in which Plaintiff alleges constitutional rights violations due to the living conditions at Salinas Valley State Prison ("SVSP"). Dkt. 11 at 3-4. He seeks monetary damages and injunctive relief. *Id*. at 3. He has also filed a motion for appointment of counsel. Dkt. 16.

For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

### 1. Injunctive Relief Claims

As mentioned above, Plaintiff seeks both injunctive relief as well as monetary damages. Dkt. 11 at 3. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. *Id.* Plaintiff seeks injunctive relief to remedy his alleged injuries stemming from various constitutional violations during his previous incarceration at SVSP. However, Plaintiff has since been transferred to RJD. Because Plaintiff is no longer incarcerated at SVSP, his claims for injunctive relief based on his confinement at SVSP are DISMISSED as moot. The Court now proceeds to review Plaintiff's remaining claims for monetary damages.

### 2. Claims for Monetary Damages

In the original complaint, Plaintiff named the following Defendants: SVSP; SVSP Correctional Plant Manager II S. Ochoa; and SVSP Carpenter II T. Vaughan. Plaintiff claimed that on October 28, 2016, he "fell walking in [his] cell and hit [his] head d[ue] to [the] massive flooding inside the cells when it is raining . . . ." Dkt. 1 at 3. Plaintiff also claimed that his "legal work was damaged . . . [and that] this has been a[n] ongoing issue an[d] still has not been fix[ed]."

*Id.* He claimed his Eighth Amendment rights have been violated. *Id.*

On January 19, 2018, the Court issued an order dismissing the complaint with leave to amend. Dkt. 10. The Court informed Plaintiff that his allegations as pled amounted to no more than a claim of negligence. *Id.* at 2. However, Plaintiff was informed that if he believed in good faith that he could support his claim with sufficient facts to establish a deliberate indifference claim, he may amend his complaint to do so. *Id.* Furthermore, the Court pointed out that neither the intentional nor negligent deprivation nor destruction of an inmate's property states a claim under section 1983 if the deprivation was random and unauthorized. *Id.* at 2-3.

The Court further advised that it Plaintiff chooses to file an amended complaint, he must establish legal liability of each person or entity for the claimed violation of his rights. The Court determined that Plaintiff had not properly alleged liability on the part of any of the following named defendants for a constitutional violation: SVSP; Defendant Ochoa; and Defendant Vaughan. Specifically, the Court concluded that Plaintiff's claims against the named Defendants were insufficient to state a claim. The Court added that Plaintiff's general allegations that the named Defendants violated his constitutional rights were not supported by specific facts as to each defendant's actions which violated his rights. The Court noted that Plaintiff did not mention any Defendant by name in his statement of facts or show how any of the named defendants personally were involved in any alleged deprivation. Therefore, the Court dismissed with leave to amend Plaintiff's claims against all named Defendants.

On February 6, 2018, Plaintiff filed an amended complaint in which he names the following Defendants: S. Ochoa, Correctional Plant Manager II; T. Vaughan, Carpenter III; E. Perez, Sergeant; R. Gamboa, Associate Warden; and R. Binkele, Chief Deputy Warden. Dkt. 11 at 2. Plaintiff states the same allegations involving flooding in his cell, which he claims caused him to fall on October 28, 2016. *Id.* at 3. However, Plaintiff still does not mention any Defendant by name in his statement of facts. *Id.* Instead, he generally claims that "[t]he prison officials . . . [were] aware of the cell leak[s] and inside cell flooding since 2014 and did nothing." *Id.* Plaintiff attempts to link each of the named Defendants by stating their involvement in denying his 602 inmate appeal relating to the cell leaks and flooding. *Id.* at 4. Plaintiff alleges that the inmate

3

1  grievance system was inadequate because the cell leaks did not get fixed and flooding problems
2  were not addressed. *Id.*

3  As the amended complaint reads, Plaintiff seems to be complaining about an inadequate inmate grievance system at SVSP. Plaintiff has attached copies of his grievances as exhibits to his amended complaint in an effort to show the inadequacy of the grievance system to address alleged deprivations of deliberate indifference to Plaintiff's safety and health. Plaintiff also alleges that his grievances were improperly denied even though the grievance responders knew about deprivations Plaintiff suffered.

The amended complaint has several deficiencies that require a second amended complaint to be filed. First, as the Court's January 19, 2018 Order advised Plaintiff, liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers who provide armed backup, officer who waits in front yard and does not participate in search of residence not an integral participant). Here, Plaintiff has not alleged facts connecting any defendant to any violation.

Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). In his second amended complaint, Plaintiff must "set forth specific facts as to each individual defendant's"

4

1 actions which violated his rights. *Leer*, 844 F.2d at 634.

2 To the extent Plaintiff claims that the inmate grievance system is constitutionally inadequate, that claim is dismissed without leave to amend for failure to state a claim for relief. There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoners lack a separate constitutional entitlement to a specific prison grievance system); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, Plaintiff's claim of an inadequate inmate grievance system is dismissed without leave to amend.

Plaintiff's allegations against Defendants Ochoa, Vaughan, Perez, Gamboa, and Binkele appear solely to be based on their involvement as responders to Plaintiff's grievances. However, involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* Further, prisoners have no "free-standing cause of action for improper grievance-rejection." *See Ott v. Lopez*, No. CV 11-04291 PSG RZ, 2012 WL 2366414, at *1 (C.D. Cal. May 8, 2012), *report and recommendation adopted*, No. CV 11-04291 PSG RZ, 2012 WL 23666413 (C.D. Cal. June 20, 2012). Thus, Defendants Ochoa, Vaughan, Perez, Gamboa, and Binkele are DISMISSED. Plaintiff is advised that in order to state a claim against Defendants Ochoa, Vaughan, Perez, Gamboa, and Binkele, Plaintiff must show how each of them caused or participated in a constitutional violation. If he can do so, he may name them in his second amended complaint. Again, Plaintiff must name each individual defendant, and clearly state what each defendant did that made him or her liable for violating Plaintiff's constitutional rights. Plaintiff should specifically state what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.

In light of these deficiencies, Plaintiff's amended complaint must be dismissed. The second amended complaint need not be long. In fact, brief and clear statements with regard to each claim listing each defendant's actions regarding that claim is preferable. Plaintiff's amended complaint is DISMISSED with leave to amend if he can cure the deficiencies described above.

5

### C. Motion for Appointment of Counsel

As mentioned above, Plaintiff requests for appointment of counsel. Dkt. 16. His request is DENIED as premature. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.* The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief based on his confinement at SVSP are DISMISSED as moot.

2. The amended complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The second amended complaint must include the caption and civil case number used in this Order (C 17-5114 YGR (PR)) and the words "SECOND AMENDED COMPLAINT" on the first page. Because the second amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the second amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **Plaintiff's failure to file his Second Amended Complaint by the twenty-eight-**

**day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

5. Plaintiff's motion for appointment of counsel is DENIED as premature. Dkt. 16.

6. This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated: July 5, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge